**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **COY B. THOMAS, #7509163,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-00584-JPG** |
| | ) | |
| **C/O MUSGRAVE** | ) | |
| **and C/O MCLANE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Coy B. Thomas filed this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred while he was incarcerated in February 2026. In the Complaint, Plaintiff raised two sets of claims (Doc. 1, pp. 1-13). The first set were brought against C/O Musgrave and C/O McLane for allegedly causing serious injuries during Plaintiff's transport to the Jail on February 11, 2026 (Counts 1 and 2). The second set were against Jail officials for allegedly failing to protect Plaintiff from an attack by federal inmates on February 21, 2026 (Counts 3 and 4). At screening, the Court dismissed Counts 1 and 2 for failure to state a claim under 28 U.S.C. § 1915A and severed unrelated Counts 3 and 4 into a separate suit under Federal Rule of Civil Procedure 21 (Doc. 17).

Plaintiff was granted leave to file a First Amended Complaint to address Counts 1 and 2 in this case no later than October 5, 2026. *Id*. The Court warned him that failure to do so would result in dismissal of this action. *See* FED. R. CIV. P. 41. Plaintiff missed the deadline for filing the First Amended Complaint. More than two weeks have passed since the deadline expired, and the Court has received no communication from Plaintiff.

The Court will not allow this matter to linger indefinitely. This action shall be dismissed without prejudice for failure to comply with the Court's Order (Doc. 17) and/or to prosecute his claims. *See* FED. R. CIV. P. 41(b).

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice based on Plaintiff's failure to comply with the Court's Order (Doc. 17) to file a First Amended Complaint; he has failed to prosecute his claims herein. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 10/21/2026**

**J. PHIL GILBERT**
**United States District Judge**